MELLON and others, Respondents, vs. OHIO CASUALTY INSURANCE COMPANY and another, Appellants.

*March 7—April 8, 1958.*

For the appellants there were briefs by *Kivett & Kasdorf,* attorneys, and *A. W. Kivett* of counsel, all of Milwaukee, and oral argument by *A. W. Kivett.*

For the respondents there was a brief and oral argument by *Charles Saggio* of Milwaukee.

BROADFOOT, J.  Motions after verdict were made by the parties and argued to the trial court.  The motions of the plaintiffs for judgment on the verdict were granted and the motions of the defendants were denied.  Among the motions made by the defendants was one in support of their motion for a new trial on the ground that the questions inquiring as to the negligence of Wowiaras with respect to lookout and management and control were duplicitous.

The direct testimony with reference to the conduct of the deceased driver as he approached the intersection was that he proceeded in the center of the three lanes for westbound traffic until the truck and car collided.  There was no testimony either way as to whether he saw the Mellon car at all or in time to do anything about it.  Nor was there any direct evidence as to whether or not he did anything in the manage-

ment and control of his truck to avoid the collision. The jury could infer, however, that he did not maintain an efficient lookout, or that he saw the car and did nothing to avoid the accident, in which case he would have been negligent as to management and control. Under the circumstances the submission of both questions was duplicitous. This situation is governed by the rule stated in *Wells v. Dairyland Mut. Ins. Co.* 274 Wis. 505, 512, 80 N. W. (2d) 380, as follows:

"While it may be repetitious, we restate our conclusion as follows: In cases involving a driver, who is unable to testify as to the lookout he maintained immediately prior to a collision because of death or amnesia, he ordinarily cannot be found guilty of causal negligence as to both lookout and management and control. If there is no evidence from which it can reasonably be inferred that he saw the object collided with, then his negligence consists of lookout and not management and control."

Other errors are claimed by the defendants. They contend there is no credible evidence to support the answers in the special verdict as to other negligent acts of the deceased driver; that the court erred in refusing to instruct the jury that the deceased was entitled to a presumption of due care; that the trial court erred in refusing to submit a question concerning the negligent speed of Mrs. Mellon; that the court erred in the reception of evidence; that the causal negligence of Mrs. Mellon was at least equal to that of the deceased. We find no error in those respects.

The duplicitous questions require a new trial because of the effect the answers thereto may have had in the apportionment of negligence. Because a new trial is required we refrain from discussing the facts in detail. As no contention is here made that the damages are excessive, a new trial of that issue is not needed.

*By the Court.*—That part of the judgment appealed from is reversed. Cause remanded for a new trial on all issues except damages.

FAIRCHILD, J. (*dissenting*). I agree that there was no evidence to sustain a finding of negligence as to management and control as an element of negligence independent from lack of lookout. Doubtless the jury's finding of negligent management and control was based on the proposition that Wowiaras failed to do anything to avoid the danger. The jury did not make the distinction between failing to act when aware of danger and failure to act because of failure to see. In apportioning negligence, the jury was weighing the conduct of the two drivers, and I do not think the apportionment was affected by calling the failure to act to avoid the danger two kinds of negligence (management and lookout) in place of one (lookout). I do not agree that the doctrine of duplicity should be applied in this type of situation.